OPINION
{¶ 1} Appellant, Timothy Cooper, appeals the judgment entered by the Lake County Court of Common Pleas. Cooper was convicted of one count breaking and entering, a fifth degree felony. The trial court sentenced Cooper to eleven months in prison and ordered him to pay restitution in the amount of $31,983.
 {¶ 2} In December 2001, Cooper broke into a business in Willoughby, Ohio. The business manufactured leather seats for airplanes. Cooper stole about seventy-five leather hides from the business.
 {¶ 3} As a result, Cooper was indicted on one count of grand theft, a fourth degree felony, and one count of breaking and entering, a fifth degree felony. Initially, Cooper entered a plea of not guilty to both counts. However, Cooper withdrew his not guilty pleas and pled guilty to the breaking and entering count. Thereafter, the court entered a nolle prosequi on the grand theft count.
 {¶ 4} The trial court sentenced Cooper to an eleven-month prison term. Further, the trial court found Cooper was able, or would likely be able in the future, to pay a financial sanction of restitution. The trial court ordered Cooper to pay $31,983 in restitution. The trial court noted that this order was a judgment in favor of Cincinnati Insurance Company against Cooper.
 {¶ 5} Cooper raises three assignments of error. His first assignment of error is:
 {¶ 6} "The trial court erred by ordering the appellant to pay restitution in the amount of $31,983.00, which is the amount the victim's insurance company paid the victim for his economic loss."
 {¶ 7} Cooper claims the trial court erred by ordering him to pay restitution to the victim's insurance company. We disagree.
 {¶ 8} Cooper cites the language in R.C. 2929.18(A)(1) that "[t]he court shall not require an offender to repay an insurance company for any amounts the company paid on behalf of the offender pursuant to a policy of insurance." The Fourth Appellate District has addressed an identical situation.[1] InMartin, the court held that R.C. 2929.18(A)(1) does not prohibit a court from ordering restitution to an insurance company which made payments to the victim. The court construed R.C. 2929.18(A)(1) to prohibit restitution for payments by the offender's insurance company, not the victim's insurance company.[2] We agree.
 {¶ 9} Cooper also cites this court's opinion in State v.Weiss.[3] In Weiss, this court reversed the trial court's order to pay restitution because the restitution award was inconsistent with the evidence presented. In addition, this court stated, "[w]e further question the award to the victims' insurance company."[4] Thereafter, this court cited the language in R.C. 2929.18(A)(1).[5] This court did not elaborate on its questioning the restitution award to the victims' insurance company. However, it is important to note that the restitution award to the victims' insurance company inWeiss was only $1,350, which is relatively minor in light of the total restitution award of $180,275.[6] Presumably, this court did not expand on its questioning of the award to the victims' insurance company due to its reversal, as a whole, of the restitution award.
 {¶ 10} We agree with the Fourth District's analysis of this issue as set forth in State v. Martin.[7] To hold otherwise would reward defendants who target insured victims.
 {¶ 11} Cooper's first assignment of error is without merit.
 {¶ 12} Cooper's second assignment of error is:
 {¶ 13} "The trial court erred by ordering appellant to pay $31,983.00 in restitution without considering the appellant's ability to pay as required by Ohio Revised Code Section2929.19(B)(6)."
 {¶ 14} We note the trial court made the following statement in its judgment entry of sentence, "[t]he Court, having determined that the defendant is able to pay a financial sanction of restitution or is likely to be able to pay a financial sanction of restitution[.]" Thus, the court did consider Cooper's ability to pay restitution.
 {¶ 15} In addition, the state cites a recent opinion by the Twelfth Appellate District.[8] In State v. Sillett, the court held:
 {¶ 16} "R.C. 2929.18 permits the trial court to impose financial sanctions on felony offenders.[9] Before it imposes a financial sanction, however, the trial court `shall consider the offender's present and future ability to pay the amount of the sanction or fine.'[10] There are no express factors that must be considered or specific findings that must be made.[11] The trial court is not required to hold a hearing in order to comply with R.C. 2929.19(B)(6), although it may chose to do so pursuant to R.C. 2929.18(E). All that R.C. 2929.19(B)(6) requires is that the trial court consider the offender's present and future ability to pay.[12] Even a finding that a defendant is indigent for the purpose of receiving appointed counsel does not prohibit the trial court from imposing a financial sanction."[13] [14]
 {¶ 17} We agree.
 {¶ 18} Cooper submitted a notice of inability to pay a potential award of restitution. Attached to this pleading was an affidavit of indigency. The trial court's judgment entry indicates it considered Cooper's ability to pay restitution. The trial court was not required to make any additional findings. While the trial court did not explain its reasoning, Cooper was to have served his prison sentence within nine months of the judgment entry of sentence, after applying his credit for time served. Presumably, the trial court concluded that Cooper would have the ability to pay restitution following his release from prison.
 {¶ 19} Cooper's second assignment of error is without merit.
 {¶ 20} Cooper's third assignment of error is:
 {¶ 21} "The trial court erred by ordering restitution in the amount of $31,983.00 which is against the manifest weight of the evidence."
 {¶ 22} Cooper's attorney properly objected to the lack of evidence supporting an award of $31,983. Thus, this issue has been properly preserved for our review.[15]
 {¶ 23} "It is well-settled that `there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered.'"[16] In addition, "where evidence of actual losses is not forthcoming from those claiming restitution the trial court abuses its discretion by ordering restitution."[17]
 {¶ 24} No evidence was offered to justify an award of $31,983. The assistant prosecutor argued that the value was determined by a letter sent by the owner of the business to the insurance company and the insurance company's subsequent payment. An assertion by the assistant prosecutor, that a letter was sent from a business owner to an insurance company regarding the value of the stolen items, is insufficient to demonstrate the amount of loss attributable to a defendant. Finally, the amount paid by the insurance company, standing alone, is not conclusive proof of the amount of damage caused by a defendant. The amount paid by the insurance company is determined solely by the insurance company. Simply stated, the amount of restitution is to be determined by the trial court, not an insurance company.[18]
 {¶ 25} Cooper was entitled to have evidence submitted to establish the value of the loss. Cooper would then have had the opportunity to challenge, through cross-examination or the presentation of additional evidence, the valuation of the loss. Finally, after considering all of the evidence, the trial court could make a determination of the appropriate amount of restitution.
 {¶ 26} The guilty plea form indicated that Cooper may be required to pay $31,983 in restitution to the Cincinnati Insurance Company. However, this does not satisfy the requirement to provide evidence to establish the value of the loss. There was no stipulation as to the amount of the loss. The guilty plea form merely advised Copper that an award of restitution was possible. Evidence was required to establish the amount of loss.[19]
 {¶ 27} Cooper's third assignment of error has merit.
 {¶ 28} In State v. Kreischer, this court reversed an order of restitution.[20] However, in State v. Clark, the Second Appellate District held that this court could have remanded the matter for a determination of the amount of restitution.[21] The court then remanded the matter for a hearing to determine the amount of restitution.[22]
Accordingly, a remand is appropriate in this matter for the trial court to properly determine the amount of restitution. This is consistent with this court's holdings in State v. Anges andState v. Weiss.[23]
 {¶ 29} The judgment of the trial court regarding Cooper's conviction and prison sentence is affirmed. In addition, the trial court's determination that Cooper has the ability or will have the ability to pay restitution is affirmed. However, the trial court's judgment ordering Cooper to pay $31,983 is reversed. This matter is remanded to the trial court, in order for the trial court to redetermine the amount of restitution in a manner consistent with this opinion.
Ford, P.J., and Rice, J., concur.
[1] State v. Martin (2000), 140 Ohio App.3d 326.
[2] Id. at 338.
[3] State v. Weiss (Aug. 20, 1999), 11th Dist. No. 98-G-2175, 1999 Ohio App. LEXIS 3868.
[4] Id. at *9.
[5] Id.
[6] Id. at *5.
[7] State v. Martin, supra.
[8] State v. Sillett, 12th Dist. No. CA2000-10-205, 2002-Ohio-2596.
[9] R.C. 2929.18(A).
[10] R.C. 2929.19(B)(6).
[11] State v. Martin, 140 Ohio App.3d at 338.
[12] Id.
[13] State v. Kelly (2001), 145 Ohio App.3d 277, 283.
[14] State v. Sillett, at ¶ 30.
[15] See, e.g., State v. Agnes (Oct. 6, 2000), 11th Dist. No. 99-L-104, 2000 Ohio App. LEXIS 4653, at *22-23.
[16] State v. Agnes, at *23, quoting State v. Williams
(1986), 34 Ohio App.3d 33, 34; see, also, State v. Marbury
(1995), 104 Ohio App.3d 179, 181.
[17] State v. Marbury, 104 Ohio App.3d at 181, citing Statev. Hansen (Mar. 22, 1990), 8th Dist. No. 56778, 1990 WL 32589.
[18] See, e.g., R.C. 2929.18(A)(1).
[19] See State v. Agnes, at *26.
[20] State v. Kreischer (Dec. 15, 1989), 11th Dist. No. 1459, 1989 Ohio App. LEXIS 4710.
[21] State v. Clark (June 19, 1998), 2d Dist. No. 97 CA 27, 1998 Ohio App. LEXIS 2695, at *5-6.
[22] Id. at *7.
[23] State v. Agnes, at *28; State v. Weiss, at *9.