OPINION
{¶ 1} Defendant-appellant, Edward Philpot, appeals his conviction in the Butler County Court of Common Pleas for felony nonsupport of dependents. For the reasons that follow, we affirm.
 {¶ 2} On May 1, 2002, a Butler County grand jury indicted appellant for two counts of nonsupport of dependents in violation of R.C. 2919.21(A)(2) and 2919.21(B). Both counts were charged as a felony of the fifth degree in that both alleged appellant failed to provide support for a total accumulated period of 26 weeks out of the 104 consecutive weeks between July 17, 1997 and July 17, 1999. Both counts pertained to appellant's daughter, Stephanie Philpot, born July 17, 1981. Support was to go to Stephanie's mother and custodial parent, Teresa Murray.
 {¶ 3} The matter proceeded to trial by jury on February 27, 2003. The state submitted evidence that in July 1997, appellant's weekly child support obligation for Stephanie as previously established by the Butler County Juvenile Court was $20 per week. Effective January 1, 1999, juvenile court raised appellant's obligation to $481 per month ($111 per week) based on an imputed yearly income to appellant of $41,600.
 {¶ 4} Butler County Child Support Enforcement Agency (CSEA) records admitted into evidence indicated that during the 24 weeks between July 17 and December 31, 1997, appellant made no payments. In the 52 weeks of 1998, appellant made 13 payments of $20 and one payment of $40. In the 28 weeks between January 1 and July 27, 1999, during which time appellant's obligation was $111 per week, appellant made 28 payments of $20 per week. Overall, CSEA records showed appellant made no payments in 62 out of the 104 weeks, and substantially underpaid in an additional 28 weeks.
 {¶ 5} Appellant was the sole defense witness. He testified that during the time period specified in the indictment he lived in Florida at his mother-in-law's residence, providing care for her and for a 4½-year-old daughter he had by another woman. Appellant stated his mother-in-law is a double amputee suffering with spina bifida and needs assistance with most daily functions. Appellant maintained his efforts to obtain employment were hampered by the level of care necessary for her.
 {¶ 6} Appellant estimated his mother-in-law received $600 per month in disability payments, and it was from this income that appellant stated he paid what child support he did. Appellant further asserted he had health problems of his own, including gout and "breathing problems," but said his claim for disability benefits was denied and on appeal.
 {¶ 7} On cross-examination by the prosecutor, appellant admitted to being occasionally employed. He described that he sometimes painted houses for $100 to $150 per job. He also worked in pest control for an unspecified length of time at $6.25 per hour.
 {¶ 8} At the conclusion of the evidence, appellant requested a jury instruction on the lesser included offense of misdemeanor nonsupport of dependents. The trial court denied the request, but allowed an instruction on the affirmative defense of appellant's inability to pay the support amount.
 {¶ 9} The jury returned a verdict of guilty on both counts. The trial court ordered a presentence investigation prior to sentencing. At sentencing, the court ordered appellant to serve nine months in prison on each count, to be served concurrently with each other. The court further ordered appellant to pay $20,382.18 in restitution, representing the overall total of unpaid child support, as well as to "pay all costs of prosecution and any fees permitted pursuant to Revised Code Section2929.18(A)(4)."
 {¶ 10} From this conviction, appellant appeals and raises two assignments of error.
 Assignment of Error No. 1 {¶ 11} "The trial court committed reversible error by failing to instruct the jury on the lesser included offense of misdemeanor nonsupport, even though defense counsel specifically identified and requested the instruction."
 Assignment of Error No. 2 {¶ 12} "The trial court denied appellant's constitutional right to procedural due process under the ohio and united states constitutions by ordering the appellant to pay any fees permitted pursuant to revised code § 2929.18(A)(4), without first holding a hearing to determine the amount of reimbursement for his confinement and determining whether the appellant had the ability to pay as required by revised Code 2929.18(A)(4)(a)(ii)."
 {¶ 13} In support of the first assignment of error, appellant argues the evidence presented at trial could reasonably support the conclusion that appellant missed support payments in less than 26 weeks out of a consecutive 104-week period. Thus, appellant concludes a jury instruction for the lesser included offense of misdemeanor nonsupport of dependents was required.
 {¶ 14} In Ohio, a lesser included offense is one where (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense. State v.Deem (1988), 40 Ohio St.3d 205, paragraph three of the syllabus. Here, appellant was indicted for felony nonsupport of dependents under both R.C. 2919.21(A)(2) and 2919.21(B).
 {¶ 15} R.C. 2919.21(A)(2) provides that, "no person shall abandon, or fail to provide adequate support to the person's child who is under age eighteen * * *." R.C. 2919.21(B) provides that "no person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."
 {¶ 16} R.C. 2919.21(G) provides that while each of these offenses are misdemeanors of the first degree, they become felonies of the fifth degree if the offender additionally fails to provide support for a total accumulated period of 26 weeks out of 104 consecutive weeks, whether or not the 26 weeks are consecutive. Other than this distinction, the elements of misdemeanor and felony nonsupport of dependents remain identical. Therefore, under the three-part Deem test, misdemeanor nonsupport of dependents is clearly a lesser included offense to felony nonsupport of dependents.
 {¶ 17} The analysis does not end here, however. Additionally, even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. State v.Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus.[1]
 {¶ 18} As evidence supporting its case in chief, the state submitted Butler County CSEA records through an assistant supervisor establishing that appellant completely missed making child support payments in 62 out of the 104 weeks contained in the indictment period of July 17, 1997 through July 17, 1999. Appellant made no payments at all in 1997 after July 17. In 1998, appellant made 13 payments of $20 and one payment of $40. In 1999 through July 17, appellant made all 28 weekly payments, but only at $20 each rather than the $111 per week set by juvenile court.
 {¶ 19} During cross examination of the CSEA assistant supervisor, appellant's counsel inquired about whether the $40 payment in 1998 might qualify as a "double payment," presumably counting as two payments instead of one. Appellant's counsel also challenged whether the state provided appellant with proper of the increase in his child support obligation from $20 to $111 per week effective January 1, 1999. However, appellant subsequently took the stand and testified that he received actual notification of this increase while he was in Florida. He further testified he entered his "objection" to this increase by electing to make only $20 weekly payments in 1999 rather than by filing an objection with the juvenile court.
 {¶ 20} Appellant was the sole defense witness. The defense focused on appellant's general inability to pay due in part to his lack of employment and in part to the care he provided in Florida to his disabled mother-in-law and to a 4 ½-year-old daughter he had by another woman. The trial court did allow a jury instruction on this affirmative defense, but the jury decided it did not provide a basis for acquittal.
 {¶ 21} Aside from the one-time $40 1998 "double payment" suggestion, we find nothing in our examination of the record that challenges the conclusion that appellant completely missed 62 child support payments during the 104-week period of July 17, 1997 through July 17, 1999. Even beyond these missed payments, appellant admitted he knew the 28 payments he made in 1999 were substantially lower than the juvenile court's order in effect during that year. There is Ohio authority holding that under such circumstances those 28 weeks would additionally qualify as a failure "to provide support as established by a court order * * *" in violation of R.C. 2919.21(B). State v. Suchy, Lucas App. No. L-02-1243, 2003-Ohio-3457. For purposes of resolving this assignment of error, it is not necessary to consider the effect of the 28 underpayments made in 1999, and we make no finding in that regard.
 {¶ 22} Quite simply, appellant's defense did not challenge whether he missed less than 26 child support payments out of 104 consecutive weeks, but rather focused on his general inability to pay the required child support obligation at all. Appellant received a jury instruction directed at this defense. After careful consideration of the record, we believe evidence presented at trial would not reasonably support both an acquittal on the crime charged and a conviction upon the requested lesser included offense. Thomas, 40 Ohio St.3d 213. Accordingly, the first assignment of error is overruled.
 {¶ 23} The second assignment of error concerns language in the sentencing entry wherein the court ordered appellant to pay "any fees permitted pursuant to Revised Code Section2929.18(A)(4)." Specifically, appellant challenges the sufficiency of the record to support requiring appellant to reimburse the county for the costs of his confinement pursuant to then R.C. 2929.18(A)(4)(a).[2]
 {¶ 24} While we note that the trial court did not specifically list the costs of confinement in its entry imposing financial sanctions, R.C. 2929.18(A)(4) does authorize reimbursement for the costs of various types of confinement. Therefore, we will address this appeal as if those costs were expressly mentioned in the sentencing entry.
 {¶ 25} At the time of the April 2, 2003 sentencing hearing, R.C. 2929.18(A) stated, in pertinent part, that "the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following: * * *
 {¶ 26} "(4)(a) Reimbursement by the offender of any or all of the costs of sanctions incurred by the government, including the following: * * *
 {¶ 27} "(ii) All or part of the costs of confinement under a sanction imposed pursuant to section 2929.14 or 2929.16 of the Revised Code, provided that the amount of reimbursement ordered under this division shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of the confinement."
 {¶ 28} In this instance, the trial court imposed a prison term pursuant to R.C. 2929.14. Thus, the sentencing entry language in issue authorizes recovery of the costs of appellant's incarceration in prison.
 {¶ 29} R.C. 2929.18(A)(4)(a)(ii) contains three components necessary to allow a court to order reimbursement for the costs of confinement: (1) a hearing; (2) consideration of the offender's ability to pay, and; (3) that the costs imposed not exceed the actual cost of confinement. We examine each of these components in turn.
 {¶ 30} With regard to the hearing component, we begin by not that R.C. 2929.19(A)(1) already requires a sentencing hearing before the court imposes sentence for any felony. We see nothing in R.C. 2929.18(A)(4)(a)(ii) that requires a hearing separate from this sentencing hearing. Further, we see no reason why such a separate hearing should be necessary. In this instance, the trial court conducted a sentencing hearing pursuant to R.C.2929.19(A)(1). We believe this was sufficient.
 {¶ 31} With regard to the ability to pay component, we first note that R.C. 2929.19(B)(6) already provides that "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code, * * * the court shall consider the offender's present and future ability to pay the amount of the sanction * * *." This court previously held that the requirements of this statute are satisfied when there is pertinent information contained in a presentence investigation report and the court indicates it has considered the report. State v. Moore (Nov. 24, 2003), Butler App. No. CA2002-12-307, 2003-Ohio-6255; State v.Dunaway (Mar. 10, 2003), Butler App. No. CA2001-12-280, 2003-Ohio-1062.
 {¶ 32} Here, a presentence investigation was conducted, which described appellant's employment history, financial condition and living arrangements. The sentencing entry expressly states the court considered it, along with the record in this matter. The court further stated at the sentencing hearing that it had "considered all of the requirements under the Ohio Revised Code." Our review of the record as a whole indicates the trial court properly weighed the appellant's ability to pay the R.C.2929.18(A)(4) sanctions before imposing them.
 {¶ 33} With regard to the third component concerning the amount of confinement costs imposed, we recently held the trial court is not required to determine at the sentencing hearing the precise amount of fees permitted under R.C. 2929.18(A)(4), such as the costs of confinement. State v. Harris, Butler CA2003-04-090, 2004-Ohio-1503. In that respect, we are in accord with State v. Day, Lucas App. No. L-02-1013, 2003-Ohio-1863.
 {¶ 34} Having reviewed the record, we find that appellant's sentence was not contrary to law, and that appellant was not denied due process. Accordingly, the second assignment of error is overruled.
Judgment affirmed.
Young, P.J., and Walsh, J., concur.
[1] Complicating this issue is the fact that appellant's trial counsel requested a jury instruction on the lesser included offense of misdemeanor nonsupport of dependents on the basis that the state had not proved a prior conviction for nonsupport. While R.C. 2919.21(G)(1) indeed elevates the offense to a felony of the fifth degree on this basis, in this instance the state never alleged any such prior conviction in the indictment, nor attempted to prove one in the trial. Instead, the state alleged the alternative R.C. 2919.21(G)(1) basis that appellant failed to provide support for a total accumulated period of 26 weeks out of 104 consecutive weeks. However, because we believe this assignment of error must be overruled on other grounds, we decline to specifically address this aspect of the issue.
[2] This statute was revised effective January 1, 2004, and the subsection is now R.C. 2929.18(A)(5).