OPINION
{¶ 1} Appellant, John M. Sanders ("Sanders"), appeals the August 20, 2003 judgment entry of the Lake County Court of Common Pleas sentencing him to serve a prison term of six years in the Lorain Correctional Institution, Grafton, Ohio, and ordering him to make restitution in the amount of $32,626. For the following reasons, we affirm the sentence imposed by the court below.
 {¶ 2} On June 2, 2003, Sanders entered a plea of guilty to one count of engaging in a pattern of corrupt activity, a felony of the second degree in violation of R.C. 2923.32(A)(1), one count of forgery, a felony of the fourth degree in violation of R.C. 2913.31(A)(2), fifteen counts of forgery, a felony of the fifth degree in violation of R.C. 2913.31(A)(2), and one count of receiving stolen property, a felony of the fifth degree in violation of R.C. 2913.51(A). The charges arose from Sanders' involvement in passing forged and/or stolen checks in Cuyahoga, Lake, and Ashtabula counties to support his addiction to crack-cocaine.
 {¶ 3} Sanders raises the following assignments of error: "The trial court erred to the prejudice of the defendant-appellant when it imposed restitution despite the indigence of the defendant-appellant."
 {¶ 4} A court imposing sentence on a felony offender may require the offender to make restitution "to the victim of the offender's crime * * * in an amount based on the victim's economic loss." R.C. 2929.18(A)(1). "Before imposing a financial sanction under section 2929.18 of the Revised Code * * * the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(6).
 {¶ 5} "[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record." State v. Martin,140 Ohio App.3d 326, 338, 2000-Ohio-1942. Although a court may hold a hearing under R.C. 2929.18(E) "to determine whether the offender is able to pay the [financial] sanction or is likely in the future to be able to pay it," a court is not required to do so.State v. Stevens (Sept. 21, 1998), 12th Dist. No. CA98-01-001, 1998 Ohio App. LEXIS 4376, at *7 ("although the trial court must consider the offender's ability to pay, it need not hold a separate hearing on that issue"). "All that R.C. 2929.16(B)(6) requires is that the trial court consider the offender's present and future ability to pay." State v. Dunaway, 12th Dist. No. CA2001-12-280, 2003-Ohio-1062, at ¶ 36; Martin,140 Ohio App.3d at 338.
 {¶ 6} An appellate court reviews a felony sentence under a clear and convincing evidence standard of review. R.C.2953.08(G)(2). An appellate court may not modify a felony sentence, including financial sanctions, unless the court "clearly and convincingly finds" that "the record does not support the sentencing court's findings," or that "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b);State v. Kling, 12th App. No. CA2003-08-191, 2004-Ohio-3911, at ¶ 42; State v. Coleman, 8th Dist. No. 82394, 2004-Ohio-234, at ¶ 33, citing State v. Blanton (Mar. 19, 2001), 12th Dist. No. CA99-11-202, 2001 Ohio App. LEXIS 1259, at *12. Clear and convincing evidence is that evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 7} Sanders argues that the trial court erred by imposing restitution "without first considering his indigence and without making an affirmative determination of his ability to pay restitution." Sanders maintains that a hearing on this issue was necessary in light of the facts that he had appointed counsel during the pendency of the proceedings against him and that he filed an affidavit of indigency with the court on the day of his sentencing hearing.
 {¶ 8} The trial court's August 20, 2003 judgment entry states: "The Court, having determined that the defendant is able to pay a financial sanction of restitution or is likely in the future to be able to pay a financial sanction of restitution, hereby orders that the defendant is to make restitution to [the Lake County Probation Department on behalf of] the victims of the defendant's criminal act, in the amount of Thirty-two Thousand Six Hundred Twenty-six and 00/100 Dollars, the victims' economic losses." The trial court did not explain its reasoning.
 {¶ 9} The trial court also stated on the record at the sentencing hearing and in its judgment entry that it considered the pre-sentence investigation (PSI) report. The PSI report states that Sanders has no assets or obligations and considers himself to be in excellent physical health. The report also states that Sanders is a verified high school graduate and that Sanders claims to have completed a correspondence course in business law in 1992. Sanders also indicated in the report that, prior to his arrest in November 2002, he was spending about $400 a day on crack cocaine. Finally, the report states that, from September 1998 to November 2002, Sanders was working fifty to sixty hours a week on commission as a business manager for Auto Outlet in Madison, Ohio.
 {¶ 10} We hold that the trial court properly considered Sanders' present and future ability to pay the amount of restitution imposed as stated in its August 20, 2003 judgment entry. The requirement of R.C. 2929.19(B)(6) that the court consider Sanders' ability to pay is satisfied when a court indicates that it has done so in its judgment entry. Kling,
2004-Ohio-3911, at ¶ 44; State v. Philpot, 12th Dist. No. CA2003-05-103, 2004-Ohio-3006, at ¶ 33; State v. Cooper, 11th Dist. No. 2002-L-091, 2004-Ohio-529, at ¶ 18; cf. Dunaway,
2003-Ohio-1062, at ¶¶ 37-38 (holding that a court satisfies R.C.2929.19(B)(6), even where it fails to state explicitly that it considered an offender's present and future ability to pay, by considering the PSI report); State v. Caudill, 5th Dist. No. 03-COA-031, 2004-Ohio-2803, at ¶ 12. Here, the court indicated in its judgment entry that Sanders "is able to pay a financial sanction of restitution or is likely in the future to be able to pay a financial sanction of restitution."
 {¶ 11} Moreover, we hold that the record supports the trial court's decision to impose the sanction of restitution. Nothing in the record suggests that Sanders would not be able to work and, therefore, pay restitution after his release from prison. It is well-settled that an offender's indigency and/or need for appointed counsel does not preclude the imposition of a financial sanction. State v. Kelly (2001), 145 Ohio App.3d 277, 283-284
(citations omitted); followed by Kling, 2004-Ohio-3911, at ¶ 45, and Cooper, 2004-Ohio-529, at ¶ 16; State v. Coleman, 8th Dist. No. 82394, 2004-Ohio-234 at ¶ 35; State v. Palmison, 9th Dist. No. 20854, 2002-Ohio-2900, at ¶ 25. It is equally well-settled that a court is under no obligation to hold a separate hearing prior to imposing restitution or other financial sanction, although it may do so. Kling, 2004-Ohio-3911, at ¶ 42; Philpot, 2004-Ohio-3006, at ¶ 32; Caudill,
2004-Ohio-2803, at ¶ 11; Stevens, 1998 Ohio App. LEXIS 4376, at *7.[1]
 {¶ 12} All that the trial court was required to do in order to impose restitution on Sanders was comply with the requirement of R.C. 2929.19(B)(6) to consider Sanders' present and future ability to pay restitution. In this case, the record affirmatively demonstrates that the court considered Sanders' present and future ability to pay. Cooper, 2004-Ohio-529, at ¶ 18. Sanders' assignment of error is without merit.
 {¶ 13} By leave of this court granted on October 14, 2004, Sanders raises the following, supplemental assignment of error: "The trial court erred when it sentenced the defendant-appellant to more than the minimum prison term based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 14} Under Ohio's sentencing statutes, "if the court is imposing a sentence upon an offender for a felony * * *, the court shall impose the shortest prison term authorized for the offense * * * unless * * * the offender previously had served a prison term * * * [or] [t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender * * *." R.C. 2929.14(B)(1) and (2).
 {¶ 15} The range of possible terms of imprisonment for engaging in a pattern of corrupt activity, a second degree felony, is from two to eight years. R.C. 2929.14(A)(2). By imposing on Sanders a prison term of six years for engaging in a pattern of corrupt activity, the trial court exceeded "the shortest prison term authorized for the offense."
 {¶ 16} In Apprendi v. New Jersey (2000), 530 U.S. 466, 490, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In Blakely v.Washington (2004), ___ U.S. ___, 124 S.Ct. 2531, 2537,159 L.Ed.2d 403, 413, the Court further held that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in thejury verdict or admitted by the defendant." (Emphasis sic.).
 {¶ 17} Relying on Apprendi and Blakely, Sanders argues that, by imposing a six year sentence, the trial court went beyond the "statutory maximum" for Apprendi purposes. To do so, the court was required to make "additional findings which had not been admitted to by Mr. Sanders nor found by a jury." Therefore, Sanders concludes, the court has violated his constitution rights to trial by jury as set forth by the United States Supreme Court. We disagree.
 {¶ 18} Pursuant to R.C. 2929.14(B)(1), the trial court was entitled to depart from the shortest authorized prison term if Sanders "previously had served a prison term." Under Apprendi,
the fact of a prior conviction may be used to enhance the penalty for a crime without being submitted to a jury and proven beyond a reasonable doubt. 530 U.S. at 490, citing Jones v. UnitedStates (1999), 526 U.S. 227, 243 n. 6. The presentence investigation report reveals that Sanders had previously served a prison term of one year for two convictions of theft. Therefore, the trial court's imposition of a prison term of six years on Sanders is constitutionally permissible.
 {¶ 19} The trial court made additional factual findings at the sentencing hearing bearing on the seriousness of Sanders' conduct and the threat of future crime which Sanders posed to the public. Although the United States Supreme Court's holdings inApprendi and Blakely potentially implicate the validity of these findings, we need not consider those issues in disposing of Sanders' present argument. Sanders was never entitled to receive the shortest authorized prison term. R.C. 2929.14(B)(1);Blakely, 124 S.Ct. at 2537, 159 L.Ed.2d at 413. Nor do we express any opinion as to whether the shortest authorized prison term for a second degree felony, where the offender has not previously served a prison term, constitutes the "statutory maximum" for Apprendi purposes.
 {¶ 20} Sanders' supplemental assignment of error is without merit.
 {¶ 21} The August 20, 2003 judgment entry of the Lake County Court of Common Pleas ordering Sanders to serve a six-year prison term and imposing restitution in the amount of $32,626 is affirmed.
O'Neill, J., Rice, J., concur.
[1] Were Sanders subsequently to face incarceration for nonpayment of restitution, however, the decision whether to hold a hearing is not discretionary, but is mandated by R.C.2947.14(A), See State v. Perkins, 154 Ohio App.3d 631,2003-Ohio-5092, at ¶ 26; State v. Johnson (1995),107 Ohio App.3d 723, 727-729.