OPINION
{¶ 1} Appellant, Lewis Sampson, Jr. ("Sampson"), appeals the March 27, 2007 judgment entry of the Lake County Court of Common Pleas.
 {¶ 2} Sampson, on August 11, 2006, was indicted on two counts of identity fraud, one in violation of R.C. 2913.49(B)(1), the other in violation of R.C. 2913.49(B)(2), both felonies of the second degree; one count of misuse of credit cards, in violation of *Page 2 
R.C. 2913.21(B)(2), a felony of the third degree; and four counts of grand theft of motor vehicles, in violation of R.C. 2913.02(A)(3), all felonies of the fourth degree.
 {¶ 3} The charges against Sampson arose out of two separate occurrences wherein Sampson represented himself to be Mr. Robert K. Freidlander to Cleveland Motorcycle. Sampson used Mr. Friedlander's social security number to induce Cleveland Motorcycle to extend him credit. As such, Sampson was able to obtain two ATV vehicles, a mini-bike, and a dirt bike, which in the aggregate totaled approximately $15,000.
 {¶ 4} Sampson, on February 26, 2007, pled guilty to one count of misuse of credit cards and one count of grand theft of a motor vehicle. Due to the death of Mr. Friedlander, the state was unable to proceed with counts one and two, identity fraud.
 {¶ 5} A sentencing hearing was held on March 22, 2007. The trial court sentenced Sampson to a term of five years in prison for the misuse of credit cards conviction to be served concurrent to one year in prison for the grand theft conviction. Sampson was also ordered to pay restitution in the amount of $8,183.85 to Cleveland Motorcycle.
 {¶ 6} Sampson's first assignment of error states:
 {¶ 7} "The trial court erred by sentencing the defendant-appellant to a five-year term of imprisonment."
 {¶ 8} Sampson claims the trial court failed to give proper consideration to the factors set forth in R.C. 2929.12. Pursuant toState v. Payne, 11th Dist. No. 2006-L-272, 2007-Ohio-6740, at ¶ 19, this court has held post-Foster felony sentencing is generally reviewed for abuse of discretion. "[I]f the sentence falls within the statutory *Page 3 
range for the offenses for which the defendant was convicted, then we presume that the trial court considered the sentencing criteria in imposing defendant's sentence even where the record is silent on that point." Id. at ¶ 20. There are certain limited circumstances, however, where the clear and convincing standard of review remains viable. For example, the clear and convincing standard of review will be employed where it is alleged the sentence is contrary to law. Id. at ¶ 19-20. See, also, e.g., State v. Burton, 10th Dist. No. 06AP-690,2007-Ohio-1941.
 {¶ 9} "[Although a trial court is required to consider the seriousness and recidivism factors, the court does not `"need to make specific findings on the record in order to evince the requisite consideration of all applicable seriousness and recidivism factors."'" State v.Lewis, 11th Dist. No. 2006-L-224, 2007-Ohio-3014, at ¶ 24. (Citations omitted.)
 {¶ 10} Sampson alleges the trial court failed to consider the following factors: 1) he did not expect to cause harm to anyone, 2) he showed genuine remorse, 3) he had come to acknowledge his cocaine addiction and the seriousness of the addiction, and 4) he was eager to obtain treatment for his cocaine addiction. However, a review of the record clearly reflects that sentencing factors under R.C. 2929.12 were considered by the trial court prior to sentencing. At the sentencing hearing, the trial court enumerated the factors it found to be applicable. Moreover, the trial court's judgment entry of sentence states the court considered "the principles and purposes of sentencing (R.C. 2929.11) and the sentencing factors [seriousness and recidivism (R.C. 2929.12)]." We further note that since Sampson's sentence is within the statutory range, the trial court *Page 4 
did not abuse its discretion. See R.C. 2929.14(A)(3) and (4). Therefore, this argument is without merit.
 {¶ 11} Sampson's second assignment of error states:
 {¶ 12} "The trial court erred to the prejudice of the defendant-appellant when it ordered him to pay $8,183.85 in restitution to Cleveland Motorcycle."
 {¶ 13} Sampson does not argue that the amount of restitution is incorrect but that the record does not support the trial court's finding regarding his ability to pay restitution.
 {¶ 14} R.C. 2929.18(A)(1) permits a trial court to impose restitution "by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." However, "[b]efore imposing a financial sanction under section 2929.18
of the Revised Code * * *, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C.2929.19(B)(6). A trial court is not required to hold a separate hearing to determine the offender's present and future ability to pay. State v.Ankrom, 11th Dist. No. 2006-L-124, 2007-Ohio-3374, at ¶ 22. (Citations omitted.) However, some evidence must be present in the record to indicate that the trial court considered an offender's present and future ability to pay. Id. at ¶ 23. (Citations omitted.) In State v.Sanders, 11th Dist. No. 2003-L-144, 2004-Ohio-5937, at ¶ 10, this court held that the requirement that a trial court consider an offender's present and future "ability to pay is satisfied when a court indicates that it has done so in its judgment entry."
 {¶ 15} In the case sub judice the trial court stated, "[t]he Court, having determined that the defendant is able to pay a financial sanction of restitution or is likely *Page 5 
in the future to be able to pay a financial sanction of restitution, hereby orders that the defendant is to make restitution to the victim of the defendant's criminal act, in the amount of $8,183.85, the victim's economic loss."
 {¶ 16} Sampson cites numerous reasons as to why he is unable to pay restitution, including past criminal behavior, alcohol and cocaine dependence, lack of steady employment, lack of income, and the current conviction and sentence on his record. However, our review of the presentence investigation report fails to demonstrate by clear and convincing evidence that the trial court's order of restitution was not supported by the record or was contrary to law.
 {¶ 17} The presentence investigation report establishes Sampson is in good physical health with no physical limitations and has never suffered from any serious illness or disease. Currently, Sampson is only 44 years old. At the conclusion of his sentence, Sampson will be only 49 years of age. Moreover, an appellant's indigent status does not preclude an order for restitution. Sanders, supra at ¶ 11, citing State v. Kelly (2001),145 Ohio App.3d 277, 283-284. With regard to Sampson's dependency issue, he stated at the sentencing hearing that he "would like to try to get some help for what I had." Therefore, based on the record, we do not find the trial court erred in ordering Sampson to pay restitution.
 {¶ 18} Sampson's second assignment of error is without merit.
 {¶ 19} The judgment of the trial court is affirmed.
MARY JANE TRAPP, J., concurs,
 COLLEEN MARY OTOOLE, J., dissents with Dissenting Opinion. *Page 6