[Cite as *State v. Moore*, 2018-Ohio-1773.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-T-0104** |
| MAURICE MOORE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2013 CR 00775.

Judgment: Reversed and remanded.


*Dennis Watkins*, Trumbull County Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Maurice Moore*, pro se, PID# A671-106, Richland Correctional Institution, P.O. Box 8107, 1001 Olivesburg Road, Mansfield, OH 44905 (Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}    Appellant, Maurice Moore, appeals from the October 16, 2017 "Nunc Pro Tunc Entry on Sentence" of the Trumbull County Court of Common Pleas. The trial court's judgment is reversed and remanded for the following reasons.

{¶2}    On November 26, 2013, appellant was indicted in the Trumbull County Court of Common Pleas on one count of Burglary, a second-degree felony, in violation of R.C. 2911.12(A)(2) and (D) for the break-in of his ex-girlfriend's home. The matter

proceeded to trial after appellant entered a plea of not guilty. Appellant was found guilty by a jury.

**{¶3}** On June 10, 2015, appellant was sentenced to eight years in prison "to be served consecutively to any other sentences imposed upon Defendant by any other court." The trial court also ordered appellant to pay court costs and restitution to the victim. The entry of sentence was filed June 12, 2015. At the time the sentence was imposed, appellant apparently had charges pending in federal court; however, he had not yet been sentenced on those charges. In addition, he was serving a sentence imposed by Summit County, the length of which is not contained in the record before us.

**{¶4}** Appellant filed a pro se appeal from the trial court's sentencing entry. *State v. Moore*, 11th Dist. Trumbull No. 2015-T-0072, 2017 WL 3226468. At appellant's request, he was appointed counsel after his pro se brief was filed. Appellant filed supplemental briefing through counsel. After oral argument, this court ordered the parties to submit additional briefing.

**{¶5}** On appeal, we determined the trial court failed to make all the findings necessary for the imposition of consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing. *Id.*, at ¶52-53. We further held that when imposing a sentence consecutive to another sentence currently being served, the record should clearly reflect the nature and extent of the sentence being served in order for the trial court to properly assess the factors set forth in R.C. 2929.14(C)(4)(a), (b), and (c). *Id.* at ¶55. We remanded the matter to the trial court for resentencing. *Id.* at ¶56.

**{¶6}** On remand, the trial court did not hold a resentencing hearing. It instead entered a nunc pro tunc sentencing entry. The entry states appellant is sentenced to

2

eight years in prison "to be served consecutively to the sentence imposed in Summit County Common Pleas Court Case No. 2013-07-1818." The nature and extent of the Summit County sentence is not discernable from the record. On October 31, 2017, appellant filed a motion objecting to the nunc pro tunc entry. The trial court did not rule on that motion.

{¶7} Appellant noticed a timely appeal from the nunc pro tunc entry. He asserts two assignments of error:

> [1.] The trial court erred by resentencing Moore while he was not present in court in violation of Crim.R. 43(A) and the Due Process Clause to the Fourteenth Amendment to the United States Constitution.

> [2.] The trial court completely deprived Moore effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution, when the court resentenced Moore without being present.

Appellee, the state of Ohio, waived its submission of an answer brief, stating in a notice to this court: "[T]he State does not oppose a remand to the trial court for a resentencing hearing in accordance with this Court's July 31, 2017 opinion."

{¶8} We address appellant's assignments of error together.

{¶9} Appellant maintains the trial court erred by resentencing him without a hearing through its nunc pro tunc sentencing entry. Appellant argues that on remand, the trial court should have conducted a resentencing hearing that complied with all applicable sentencing procedures.

{¶10} "A nunc pro tunc judgment * * * is to be employed to correct clerical errors only. Through a nunc pro tunc order, the trial court may make a prior entry reflect its true judgment as long as the amendment does not alter the substance of the previous

3

decision." *Lake Cty. Treasurer v. Parcels of Land Encumbered with Tax Liens*, 11th Dist. Lake No. 2002-L-175, 2003-Ohio-6243, ¶12. "Nunc pro tunc entries 'are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide.'" *State v. Beasley*, Sup.Ct. No. 2014-0313, Slip Opn. No. 2018-Ohio-493, ¶261, quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995).

{¶11} In the present case, a nunc pro tunc entry was not the appropriate remedy to correct the trial court's error at the initial sentencing hearing. The trial court may have intended to make the R.C. 2929.14(C)(4) findings at appellant's sentencing hearing, but it did not do so. The trial court cannot remedy that error through a nunc pro tunc entry. *See id.* It must hold a resentencing hearing to address appellant and "consider imposition of a concurrent or consecutive sentence with regard to known sentences already imposed by other courts, and if the trial court re-imposes consecutive sentences, to make all necessary statutory findings." *Moore*, *supra*, at ¶56; *see also State v. Aikens*, 11th Dist. Trumbull No. 2014-T-0124, 2016-Ohio-2795, ¶61, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, at ¶37 (holding the trial court's failure to make the findings required by R.C. 2929.14(C)(4) at the sentencing hearing rendered the sentence contrary to law, requiring vacation of the sentence and a remand for resentencing).

{¶12} As noted, the state does not dispute the need to remand this matter for a new sentencing hearing.

{¶13} Appellant's assignments of error have merit to the extent discussed.

{¶14} Accordingly, the trial court's judgment is reversed. This cause is remanded for the trial court to resentence appellant consistent with this opinion by conducting a

4

sentencing hearing complete with all applicable procedures. *See State v. Riley*, 6th Dist. Wood No. WD-08-025, 2009-Ohio-3227, ¶15. (citation omitted)

{¶15} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is reversed and remanded.

THOMAS R. WRIGHT, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.