[Cite as *State v. Moore*, 2019-Ohio-2512.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-T-0056** |
| MAURICE MOORE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2013 CR 00775.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Stephen A. Turner*, Turner, May & Shepherd, 185 High Street, N.E., Warren, OH 44481-1219 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Maurice Moore, appeals from the judgment of conviction entered in the Trumbull County Court of Common Pleas pursuant to a jury verdict finding him guilty of Burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2). The trial court sentenced Moore to a prison term of eight years and ordered him to pay restitution in the amount of $1,000.00, as well as the costs of prosecution. We affirm the trial court's judgment.

**{¶2}** The facts and procedure for this matter have previously been stated in *State v. Moore*, 11th Dist. Trumbull No. 2015-T-0072, 2017-Ohio-7024 ("*Moore I*") and *State v. Moore*, 11th Dist. Trumbull No. 2017-T-0104, 2018-Ohio-1773 ("*Moore II*"). They are restated here as follows:

**{¶3}** On June 21, 2012, the home of Moore's ex-girlfriend, Pam Valentino, was broken into. Ms. Valentino was not home during the break-in. To gain access into the home, a front window was broken and the door was kicked in, which shattered the door frame.

**{¶4}** When Ms. Valentino arrived home, she noticed her television was missing and the window next to the door was broken. As she looked around her house, she noticed other things missing, along with droplets of blood all through her home. Ms. Valentino called the police.

**{¶5}** Ms. Valentino was visibly upset when police arrived. The police created a report of the incident. Various items had been stolen from Ms. Valentino's home, including a Magnavox television, a Blu-ray player, DVDs, a stereo, a camera, a laptop, a leather jacket, and a police scanner. The perpetrator left a trail of blood throughout the house. Police took two samples of blood from the home, one from the floor and the other from the doorknob. The blood samples were secured, sealed, initialed, and logged as evidence. The blood samples were sent to the Bureau of Criminal Investigation ("BCI"), where the samples were run through the Combined DNA Index System ("CODIS") for comparison.

**{¶6}** Police received notification from BCI that CODIS revealed a preliminary match between the DNA in the blood samples sent from Ms. Valentino's home and

Moore's DNA. In addition, the preliminary match was corroborated through thumbprint comparisons.

{¶7} Based on the letter from BCI, police obtained a search warrant for Moore's DNA. In executing the warrant, police collected buccal swabs from the inside of each of Moore's cheeks. Those swabs were sent to BCI, which confirmed the preliminary results.

{¶8} Moore was indicted by the grand jury in the Trumbull County Court of Common Pleas on one count of Burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2). Moore entered a plea of not guilty.

{¶9} On January 23, 2014, Moore executed a Crim.R. 44(C) waiver of his right to counsel. The court appointed stand-by counsel. Subsequently, Moore filed several pro se motions and attended pretrial hearings on February 6, March 6, and March 13, 2014. Moore was incarcerated in Summit County on other charges from April 2014 until March 2015. Moore filed additional pro se motions and attended pretrial hearings on February 26, March 19, and May 7, 2015.

{¶10} The case proceeded to jury trial on June 1, 2015. On June 2, 2015, the jury found Moore guilty of Burglary, a felony of the second degree. Moore was sentenced on June 10, 2015, to eight years in prison "to be served consecutively to any other sentences imposed upon the Defendant by any other court." After considering Moore's ability to pay, the court ordered Moore to pay $1,000.00 in restitution requested by the victim. The court additionally stated the cost of prosecution was assessed to Moore, and the trial judge waived Moore's fines due to Moore's indigence. Moore did not request a waiver of his court costs at the sentencing hearing.

**{¶11}** Thereafter, Moore filed a pro se appeal from the trial court's sentencing entry in *Moore I*. In that appeal, we determined the trial court failed to make all the findings necessary for the imposition of consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing. *Moore I*, *supra*, at ¶52-53. We further held that when imposing a sentence consecutive to another sentence currently being served, the record should clearly reflect the nature and extent of the sentence being served in order for the trial court to properly assess the factors set forth in R.C. 2929.14(C)(4)(a), (b), and (c). *Id.* at ¶55. We remanded the matter to the trial court for resentencing. *Id.* at ¶56.

**{¶12}** On remand, the trial court did not hold a resentencing hearing. It instead entered a nunc pro tunc sentencing entry. The entry stated that Moore was sentenced to eight years in prison "to be served consecutively to the sentence imposed in Summit County Common Pleas Court Case No. 2013-07-1818." The nature and extent of the Summit County sentence was not discernable from the record. On October 31, 2017, Moore filed a motion objecting to the nunc pro tunc entry. The trial court did not rule on that motion. *Moore II*, *supra*, at ¶6.

**{¶13}** Moore filed a second pro se notice of appeal (*Moore II*). The basis of the appeal was that it was error to remedy the sentencing through a nunc pro tunc entry. The state did not oppose the appeal with an opposing brief. *Id.* at ¶7. In that appeal, we reversed and remanded for the trial court to resentence Moore by conducting a sentencing hearing complete with all applicable procedures. *Id.* at ¶14.

**{¶14}** The trial court held that sentencing hearing on May 31, 2018. At the hearing, the court again sentenced Moore to eight years for the Burglary and also ordered

4

Moore to pay the same $1,000.00 in restitution, as well as court costs. No consecutive sentence was ordered.

{¶15} Moore filed a timely notice of appeal and raises three assignments of error.

{¶16} Moore's first assignment of error states:

{¶17} "The imposed prison sentence was disproportionate and excessive for the purposes set forth in Revised Code Sec. 2929.11(A) and not necessary to protect the public."

{¶18} Our standard of review is set forth in R.C. 2953.08(G)(2):

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶19} "Under this standard, an appellate court upholds the imposed felony sentence unless: (1) required mandatory findings are clearly and convincingly not supported by the record; or (2) the sentence is clearly and convincingly contrary to law." *State v. Aldrich*, 11th Dist. Ashtabula No. 2017-A-0033, 2017-Ohio-8944, ¶32 (citations omitted); *see also State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

5

{¶20} Moore does not dispute that the sentence was within the permissible range, which is a range of two to eight years. *See* R.C. 2929.14(A)(2). Moore received the maximum prison term, with the court balancing any mitigating arguments with his extensive criminal history. Further, the trial court stated it considered the purposes and principles of felony sentencing and the seriousness and recidivism factors. The sentencing entry states that "[t]he Court has considered the record, oral statements, and the record at trial, as well as the overriding principles and purposes of felony sentencing under R.C. Section 2929.11, and has balanced the seriousness and recidivism factors of R.C. Section 2929.12."

{¶21} Moore's prison term is within the permissible range and therefore not contrary to law. For that reason, we must consider whether the trial court's findings are clearly and convincingly not supported by the record. *See Wilson*, *supra*, at ¶20; *Marcum*, *supra*, at ¶23. In doing so, we keep in mind that the "trial court is not required to give any particular weight or emphasis to a given set of circumstances" when considering the statutory factors. *State v. DelManzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

{¶22} Moore's argument is that he was *only* convicted of a second-degree felony, which he considers not serious, and that there was no physical harm done to the victim.

{¶23} The trial court listened to Moore's arguments and reviewed his sentencing brief. The trial court then explicitly cited the presentence report; Moore's extensive criminal history—34 previous criminal convictions; the mental and economic harm caused to the victim; Moore's failure to accept responsibility for the crime; his lack of remorse; and the high likelihood of Moore to commit future crimes. Moore continued to argue at

6

the sentencing hearing for a new trial, despite our decision in *Moore I* affirming the judgment.

{¶24} Based on these findings—and considering the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12—the court found that the term of imprisonment was necessary to protect the public from future crimes by Moore.

{¶25} The trial court's findings are supported by the transcript and the presentence investigation. Moore has failed to show that the court's findings are clearly and convincingly not supported by the record.

{¶26} Moore's first assignment of error is without merit.

{¶27} Moore's second assignment of error states:

{¶28} "A prison sentence in this case is an unreasonable and unnecessary burden on government resources."

{¶29} Moore's next assignment of error is that the trial court did not comply with R.C. 2929.11(A) because the imposition of a maximum sentence in the present matter is an unreasonable and unnecessary burden on government resources.

{¶30} R.C. 2929.11(A) states:

> A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

7

**{¶31}** As discussed above, the trial court carefully considered the record, the presentence report, the sentencing and recidivism factors, and Moore's conduct at the sentencing hearing. The court specifically found that its sentence was necessary to protect the public, that Moore was highly likely to commit future criminal offenses, and that he was incapable of being rehabilitated.

**{¶32}** Therefore, there is no basis in fact to support the assertion that the trial court failed to consider R.C. 2929.11(A), or that the prison sentence is an unreasonable and unnecessary burden on government resources.

**{¶33}** Moore's second assignment of error is without merit.

**{¶34}** Moore's third assignment of error states:

**{¶35}** "The restitution and court costs imposed infringes upon appellant's rights under the Eighth and Fourteenth Amendments to the United States Constitution, and Article I, Section 9 of the Ohio Constitution."

**{¶36}** Moore's final assignment of error challenges both the court costs and the restitution assessed against Moore as being excessive, in violation of his constitutional rights. For clarity, costs and restitution are discussed separately.

**Court Costs**

**{¶37}** "Effective March 23, 2013, the General Assembly enacted R.C. 2947.23(C), which states, 'The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter.'" *State v. Braden*, Slip Opinion No. 2018-Ohio-5079, ¶19.

**{¶38}** "R.C. 2947.23 '*requires* a court to assess costs against all convicted defendants,' indigent and nonindigent." *Id.* at ¶14 (emphasis sic), quoting *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶8. "'Therefore, a defendant's financial status is irrelevant to the imposition of court costs.'" *Id.*, quoting *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, ¶3.

**{¶39}** "The *collection* of costs is a separate matter." *Id.* at ¶15 (emphasis sic). "Although the clerk of courts is required by statute to attempt to collect court costs from a nonindigent felony offender, R.C. 2949.14, '[t]he General Assembly has neither explicitly prohibited nor explicitly required collection from indigent defendants.'" *Id.*, quoting *White*, *supra*, at ¶14. The Ohio Supreme Court has inferred "'from this silence that collection from indigent defendants is merely permissive. * * * [W]aiver of costs is permitted—but not required—if the defendant is indigent. It logically follows that a clerk of courts may attempt the collection of assessed court costs from an indigent defendant.'" *Id.*, quoting *White*, *supra*, at ¶14.

**{¶40}** Further, the Ohio Supreme Court has held that "if an indigent criminal defendant fails to move for the waiver of costs at the time of sentencing, then 'the issue is waived and costs are res judicata.'" *Id.* at ¶16, quoting *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, ¶239 and *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, ¶23.

**{¶41}** With regard to court costs, the issue was raised on direct appeal in *Moore I* in Moore's third supplemental assignment of error: "[t]he court costs imposed at the sentencing hearing infringes [sic] upon Appellant's rights under the Eighth and Fourteenth Amendments to the United States Constitution, R.C. 2929.18, R.C. 2919(B)(5), R.C.

9

2947.14, and related sections of the Ohio Constitution." That assignment of error was found to be without merit in *Moore I*. *Moore I*, *supra*, at ¶60-65. Also, at resentencing Moore did not object to the imposition of costs.

{¶42} Therefore, the matter of court costs is barred by the doctrine of res judicata.

## Restitution

{¶43} Our standard of review for felony sentencing as set forth in R.C. 2953.08(G)(2) also applies to restitution in felony sentences. *State v. Blas*, 11th Dist. Portage No. 2017-P-0030, 2018-Ohio-2461, ¶13. Therefore, we will not reverse a sentence imposing restitution unless it is either contrary to law or clearly and convincingly not supported by the record.

{¶44} Under Ohio law, R.C. 2929.18(A)(1) lists restitution as a financial sanction. "Before imposing a financial sanction under [R.C. 2929.18] * * * the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." R.C. 2929.19(B)(5); S*tate v. Sampson*, 11th Dist. Portage No. 2007-L-075, 2007-Ohio-7126, ¶14. "R.C. 2929.18 does not require a court to hold a hearing on the issue of a defendant's ability to pay; rather, a court is merely required to consider the offender's present and future ability to pay." *State v. Bielek*, 11th Dist. Lake No. 2010-L-029, 2010-Ohio-5402, ¶11, citing *State v. Martin*, 140 Ohio App.3d 326, 338 (4th Dist.2000); *see also* R.C. 2929.18(E).

{¶45} In the matter sub judice, while restitution was not directly included in the assignment of error in *Moore I*, this court considered the issue and held as follows:

> Here, the trial court assessed appellant's ability to pay fines and restitution. The trial court waived fines because it found appellant indigent. With regard to restitution, the trial court stated that it "reviewed the relevant documentation, information provided by the

10

adult probation [department] as well as the victim, and finds that the defendant will have the future ability to pay restitution as ordered. I believe you testified in your trial you have money and you have homes, so the Court is going to order the $1,000 * * * that the victim has the deductible on insurance for all items that were stolen to be reimbursed and grants her a judgment for the $1,000 which she may execute on her own."

*Moore I, supra*, at ¶64. Therefore, Moore's challenge of restitution herein is also barred by res judicata.

{¶46} Moore's third assignment of error is without merit.

{¶47} The judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.