[Cite as *State v. Lough*, 2016-Ohio-3513.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2015-T-0093** |
| - vs - | : | |
| DERRIN LEE LOUGH, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CR 00025.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Judith M. Kowalski*, 333 Babbitt Road, Suite 323, Euclid, OH 44123 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Derrin Lee Lough, seeks reversal of the trial court's judgment imposing consecutive sentence on two third-degree felonies. Appellant challenges the length of the prison term for each offense, and argues that the court failed to make the necessary findings warranting the imposition of consecutive terms. For the following reasons, we affirm.

{¶2} In February 2015, the Trumbull County Grand Jury rendered two separate indictments against appellant. In Case No. 15-CR-25, he was charged with one count of burglary, a second-degree felony under R.C. 2911.12(A)(2) & (D), and one count of receiving stolen property, a fifth-degree felony under R.C. 2913.51(A) & (C). In Case No. 15-CR-28, he was indicted on one count of failure to comply with a signal of a police officer, a third-degree felony under R.C. 2921.331(B) & (C)(5)(a)(ii). This charge contains an allegation that appellant's operation of a motor vehicle caused a substantial risk of harm to persons or property.

{¶3} Four months later, appellant and the state resolved both cases. The state dismissed the receiving stolen property charge and reduced the burglary charge from a second-degree felony to a third-degree felony. Appellant pleaded guilty to burglary charge and failure to comply. Upon accepting the plea, the trial court found him guilty, ordered a presentence investigation, and set both cases for sentencing.

{¶4} At the sentencing hearing, defense counsel informed the trial court that appellant had been accepted into a drug treatment program, and therefore requested a community control sanction in lieu of incarceration. Ultimately, the trial court ordered appellant to serve 36 months for burglary and a consecutive 12 months for the failure to comply count.

{¶5} Appellant timely appeals, asserting the following as errors:

{¶6} "[1.] A prison sentence in this case is unreasonable, disproportionate, and a strain on government resources.

{¶7} "[2.] The trial court abused its discretion to the prejudice of appellant by imposing maximum sentences when consideration of the factors in 2929.12 tended to

2

favor a lesser sentence.

{¶8} "[3.] The imposition of consecutive sentences pursuant to O.R.C. 2929.331 is excessive for the purposes set forth in Ohio Revised Code Section 2929.11(A) and (B), and is not necessary to protect the public."

{¶9} Under his first two assignments, appellant contests the length of the terms imposed on the respective offenses. First, he asserts that the imposition of a 36-month term for burglary and a 12-month term for failure to comply shows that the trial court did not fully consider the purposes and principles of felony sentencing under R.C. 2929.11. Second, he contends that a maximum sentence on the burglary charge was not justified because the trial court failed to consider the seriousness and recidivism factors of R.C. 2929.12.

{¶10} Prior to 2014, in reviewing a felony sentence, this court followed the two-step analysis cited by the Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶26. *See State v. Grega*, 11th Dist. Ashtabula No. 2014-A-0002, 2014-Ohio-5179, ¶4. Subsequent to *Kalish*, though, the Ohio legislature ostensibly modified the standard for appellate review through the enactment of H.B. 86. Thus, our consideration of a felony sentence is governed solely by R.C. 2953.08(G)(2). *Id.* at ¶10. That provision states:

{¶11} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶12} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand

3

the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶13} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶14} "(b) That the sentence is otherwise contrary to law."

{¶15} In analyzing the statutory standard, this court has stated:

{¶16} "Like the *Kalish* standard, R.C. 2953.08(G)(2) provides a two-step analysis for reviewing the imposition of a felony sentence. Specifically, an appellate court must affirm the felony sentence unless: (1) the trial court's findings on applicable mandatory requirements are not supported by the record; or (2) the sentence is not consistent with other relevant aspects of the law. *State v. Robinson*, 1st Dist. Hamilton No. C-140043, 2015-Ohio-773, ¶38. Under the second step of this standard, 'a maximum sentence is not contrary to law when it is within the statutory range and the trial court considered the statutory principles and purposes of sentencing as well as the statutory seriousness and recidivism factors.' *State v. Martin*, 2nd Dist. Clark No. 2014-CA-69, 2015-Ohio-697, ¶8." *State v. Talley*, 11th Dist. Trumbull No. 2014-T-0098, 2015-Ohio-2816, ¶15.

{¶17} In contending that the facts of this case support the imposition of shorter sentences for each count, appellant asserts two arguments: (1) the trial court did not consider whether, under R.C. 2929.11(A), a prison term was necessary to protect the public; and (2) the court failed to consider certain factors under R.C. 2929.12(D), such

4

as his genuine remorsefulness and lack of a violent history, indicating that he is unlikely to commit future crimes.

{¶18} The trial court only imposed a maximum sentence for burglary; as to "failure to comply" charge, the 12-month term is less than the maximum. The test for deciding whether the sentence is contrary to law remains the same; i.e., the imposition of any sentence for an individual offense is not contrary to law if the term falls within the statutory range for that particular offense and the record demonstrates that the trial court considered the purposes and principles of felony sentencing, as stated in R.C. 2929.11, and the sentencing factors seriousness and recidivism, as delineated in R.C. 2929.12. *State v. Marcum*, ___ Ohio St.3d___, 2016-Ohio-1002, ¶23; *State v. Hayes*, 2nd Dist. Clark No. 2014-CA-27, 2014-Ohio-5362, ¶15-16.

{¶19} Appellant was convicted of two third-degree felonies. Because appellant did not have any prior convictions for burglary under R.C. 2911.12, R.C. 2929.14(A)(3)(b) governs both offenses, and states that the prison term for a third-degree felony "shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Given that appellant is sentenced to 36 months and 12 months on the respective charges, both terms fall within the statutory range.

{¶20} Furthermore, in both of the sentencing judgments, the trial court stated that, in imposing the two terms, it considered "the principles and purposes of sentencing under R.C. Section 2929.11, and has balanced the seriousness and recidivism factors of R.C. Section 2929.12." Similarly, during the sentencing hearing, the court stated that it reviewed "all of the principles and purposes of sentencing." Appellant, has otherwise failed to demonstrate that the record does not support the sentence. For this reason,

the first two assignments of error are not well taken.

{¶21} Appellant's third assignment challenges the trial court's imposition of consecutive terms, arguing that the court failed to make findings in accordance with R.C. 2929.14(C)(4).

{¶22} As part of his plea to failure to comply, appellant admitted under R.C. 2921.331(C)(5)(a)(ii) that he operated his motor vehicle in a manner that caused a substantial risk of serious physical harm to persons or property. In light of this, R.C. 2921.331(D), governs:

{¶23} "If an offender is sentenced pursuant to division (C)(4) or (5) of this section for a violation of division (B) of this section, and if the offender is sentenced to a prison term for that violation, the offender shall serve the prison term consecutively to any other prison term or mandatory prison term imposed upon the offender."

{¶24} The imposition of consecutive prison terms under the foregoing provision is mandatory; the trial court does not have any discretion in the matter. *State v. Wells*, 11th Dist. Ashtabula No. 2013-A-0014, 2013-Ohio-5821, ¶22. When R.C. 2921.331(D) is applicable in a given case, the trial court is not obligated to make factual findings under R.C. 2929.14(C)(4) prior to imposing consecutive prison terms. *State v. Back*, 2nd Dist. Clark No. 2013-CA-62, 2014-Ohio-1656, ¶10-12. In a case involving a prior version of R.C. 2929.14(C)(4), this court recognized the foregoing in *State v. Wright*, 11th Dist. Lake No. 2006-L-017, 2006-Ohio-3435, ¶20, fn. 2:

{¶25} "R.C. 2921.331(D) and R.C. 2929.14(E)(4) are independent of one another and thus, where R.C. 2921.331(D) is operative, a trial court is not required to make findings under former R.C. 2929.14(E)(4)."

6

{¶26} R.C. 2921.331(D) is clearly applicable, given that appellant pleaded guilty to failure to comply under R.C. 2921.331(B) & (C)(5)(a)(ii).  Therefore, as the imposition of consecutive prison terms was mandatory, the trial court was under no duty to make findings of fact under R.C. 2929.14(C)(4) as a justification for its decision.  Since the trial court was acting in accordance with the mandate of R.C. 2921.331(D), appellant's third assignment is also without merit.

{¶27} The judgment of the Trumbull County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.

7