[Cite as *State v. Mazzola*, 2019-Ohio-845.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-T-0029** |
| STEVEN JAMES MAZZOLA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2017 CR 00630.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, *Gabriel M. Wildman*, Assistant Prosecutor, *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent OH 44240 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Steven James Mazzola appeals the judgment of the Trumbull County Court of Common Pleas imposing sentence on a conviction for burglary, a third-degree felony. Specifically, Mr. Mazzola challenges the trial court's imposition of: (1) the maximum available prison term of 36 months, and (2) restitution. After a careful review of the record and pertinent law, we affirm the trial court's judgment.

## Substantive History and Procedural Background

{¶2} On August 26, 2017, Mr. Mazzola broke into the home occupied by his sister and her roommate and stole items worth approximately $925. The Trumbull County Grand Jury indicted Mr. Mazzola on a single charge of burglary, a second-degree felony. Mr. Mazzola initially entered a plea of not guilty.

{¶3} Subsequently, Mr. Mazzola entered a plea of guilty to an amended indictment of burglary, a third-degree felony. Upon accepting the plea, the trial court found him guilty, ordered a presentence investigation, and set the case for sentencing.

{¶4} At the sentencing hearing, Mr. Mazzola referenced his long history of drug addiction and asked for another chance. The trial court and Mr. Mazzola also engaged in the following exchange:

{¶5} "THE COURT: You stole $925 worth of stuff. How much of that have you paid back to the victim?

{¶6} "THE DEFENDANT: She's getting everything back –

{¶7} "THE COURT: How much have you paid back to the victim?

{¶8} "THE DEFENDANT: I just got my job a month ago. She's going to get her - - I'm getting my income tax check. She will get every penny."

{¶9} The trial court then noted that Mr. Mazzola had been convicted of 24 different crimes, with ten of them involving theft. The trial court also referenced Mr. Mazzola's numerous prior opportunities on probation, his unsuccessful completion of the Northeast Ohio Community Alternative Program, and as well as two prior prison terms.

{¶10} Ultimately, the trial court imposed a sentence of incarceration of 36 months and ordered Mr. Mazzola to make restitution to the victim in the amount of $925.

**{¶11}** Mr. Mazzola now appeals, bringing the following assignments of error for our review:

**{¶12}** "[1.] The trial court erred by sentencing the appellant to the maximum term of incarceration available.

**{¶13}** "[2.] The trial court erred and abused its discretion by ordering that appellant pay restitution."

## Standard of Review

**{¶14}** Our consideration of a felony sentence is governed solely by R.C. 2953.08(G)(2). *State v. Lough*, 11th Dist. Trumbull No. 2015-T-0093, 2016-Ohio-3513, ¶10*; See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶12. That provision states:

**{¶15}** "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

**{¶16}** "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶17}** "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶18}** "(b) That the sentence is otherwise contrary to law."

## Maximum Prison Term

{¶19} Under his first assignment of error, Mr. Mazzola argues that the trial court abused its discretion in imposing the maximum prison term of 36 months.[1]

{¶20} Specific findings are no longer required before the trial court imposes the maximum sentence. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶37; *State v. Aldrich*, 11th Dist. Ashtabula No. 2017-A-0033, 2017-Ohio-8944, ¶33. Therefore, "appellate review is limited to determining whether the maximum sentence is otherwise contrary to law." *Aldrich* at ¶33.

{¶21} The test for deciding whether the sentence is contrary to law is "if the term falls within the statutory range for that particular offense and the record demonstrates that the trial court considered the purposes and principles of felony sentencing, as stated in R.C. 2929.11, and the sentencing factors seriousness and recidivism, as delineated in R.C. 2929.12." *Lough* at ¶18.

{¶22} Mr. Mazzola pleaded guilty to burglary, a third-degree felony. R.C. 2929.14(A)(3)(b) states that the prison term for a third-degree felony "shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Given that Mr. Mazzola was sentenced to 36 months, the term unquestionably falls within the statutory range.

{¶23} Furthermore, in the sentencing entry, the trial court specifically stated, in imposing the term, that it considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors of R.C. 2929.12.

---

1. Although Mr. Mazzola references an "abuse of discretion" standard, the Ohio legislature modified the standard of appellate review of felony sentences through the enactment of Am. Sub. H.B. No. 86 (2011). *See Lough* at ¶10.

**{¶24}** Mr. Mazzola asserts that his extensive criminal history was directly related to his history of substance abuse. He also states that the victim supported the granting of some form of community control with substance abuse treatment, while only the trial court supported incarceration. Mr. Mazzola, however, has failed to cite any authority demonstrating that such factors render a sentence "contrary to law" under R.C. 2953.08(G)(2).

**{¶25}** Since the record demonstrates the trial court complied with its statutory obligations in imposing the maximum prison term, the first assignment of error is without merit.

### Order of Restitution

**{¶26}** Under his second assignment of error, Mr. Mazzola argues that the trial court erred in ordering him to pay restitution to the victim.

**{¶27}** We note that Mr. Mazzola failed to object to the trial court's order of restitution. "Failure to object to the court's order of restitution * * * constitutes a waiver of all error except plain error." *State v. Carroll*, 11th Dist. Ashtabula Nos. 2017-A-0030 & 2017-A-0031, 2018-Ohio-1884, ¶48, quoting *State v. Bernadine*, 11th Dist. Portage No. 2010-P-0056, 2011-Ohio-4023, ¶26.

**{¶28}** Crim.R. 52(B) provides: "[p]lain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." This court will recognize plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Bielek*, 11th Dist. Lake No. 2010-L-029, 2010-Ohio-5402, ¶14, quoting *State v. Landrum*, 53 Ohio St.3d 107, 111 (1990).

5

{¶29} A court imposing a sentence upon a felony offender may order the offender to make restitution "to the victim of the offender's crime * * * in an amount based on the victim's economic loss." R.C. 2929.18(A)(1). R.C. 2929.01(L) defines "economic loss" as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense * * *."

{¶30} However, R.C. 2929.19(B)(5) provides: "Before imposing a financial sanction under section 2929.18 of the Revised Code * * *, the court shall consider the offender's present and future ability to pay the amount of the sanction * * *."

{¶31} R.C. 2929.18 "does not require a court to hold a hearing on the issue of a defendant's ability to pay; rather, a court is merely required to consider the offender's present and future ability to pay." *Carroll* at ¶51, quoting *Bielek* at ¶11. "However, some evidence must be present in the record to indicate that the trial court considered an offender's present and future ability to pay." *Id.*, quoting *State v. Sampson*, 11th Dist. No. 2007-L-075, 2007-Ohio-7126, ¶14. A trial court properly considers an offender's present and future ability to pay when it indicates it has done so in its judgment entry. *Bielek* at ¶12. In addition, "[a]dequate compliance with the statute may be had when the record indicates a court has considered a pre-sentence investigation report." *Carroll* at ¶52.

{¶32} Mr. Mazzola claims the trial court did not consider his future ability to pay restitution. However, the record directly refutes this claim. At the sentencing hearing, Mr. Mazzola specifically promised that he would pay the victim back "every penny" from his "income tax check."

6

{¶33} Furthermore, at the sentencing hearing, the trial court specifically stated that that it had "reviewed the presentence investigation prepared by the Adult Probation Department" and that Mr. Mazzola "shall, in the future, be able to make restitution."

{¶34} Mr. Mazzola further claims he was told at his plea hearing that restitution would not be required. He also states that the victim did not appear at the sentencing hearing to request restitution. However, even if true, Mr. Mazzola has failed to cite any authority demonstrating that such factors are legally significant, especially considering Mr. Mazzola's promise to make full restitution and the findings set forth in the trial court's sentencing entry.

{¶35} For these reasons, the second assignment of error is without merit.

{¶36} The judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.