[Cite as *State v. Miller*, 2019-Ohio-3062.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-011** |
| DONNA M. MILLER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2018 CR 000811.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Cory R. Hinton*, Hanahan & Hinton, LLC, 8570 Mentor Ave., Mentor, OH 44060 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Donna M. Miller ("Mrs. Miller"), appeals from the Lake County Court of Common Pleas judgment, which sentenced her to two concurrent 24-month terms of imprisonment after she pleaded guilty to two counts of attempted burglary. Her sentences were ordered to be served consecutive to other sentences imposed by courts in other counties.

{¶2} Mrs. Miller raises one assignment of error, arguing that the trial court's sentence is contrary to law and an abuse of discretion based on the sentencing purposes and principles set forth in R.C. 2929.11.

{¶3} After a thorough review of the record and relevant law, we affirm the judgment of the Lake County Court of Common Pleas. A review of the sentencing transcript and sentencing judgment entry reveals Mrs. Miller's sentence is not contrary to law. In imposing its sentence, the trial court clearly considered the purposes and principles of R.C. 2929.11 and R.C. 2929.12, specifically finding Mrs. Miller is a danger to the public because her crimes was part of a burglary crime spree throughout northeastern Ohio with numerous victims. The trial court ordered her sentence to be served consecutive to those she was already serving that arose from similar convictions in Geauga and Portage Counties because those sentences were not sufficient to protect the public from future crime and to reflect the seriousness of her criminal conduct, particularly in light of her criminal history.

## Substantive and Procedural History

{¶4} On August 14, 2018, Mrs. Miller was secretly indicted on two counts of burglary, second-degree felonies in violation of R.C. 2911.12(A)(2), and two counts of theft, fifth-degree felonies in violation of R.C. 2913.02(A)(1).

{¶5} Mrs. Miller's indictment arose from a crime spree that spanned several counties, including Lake, Geauga, and Portage. This particular case involved two burglaries in Lake County. Narrative supplement reports from the Madison Township Police Department ("MTPD") documented that on Thursday, January 5, 2016, the MTPD received a phone call from the Geauga County Sheriff's Office, Detective Bureau. They

informed MTPD they had Mrs. Miller in custody for burglaries she committed in Geauga County and that Mrs. Miller had told them she committed burglaries in Madison Township, Ohio as well.

{¶6} When MTPD detectives interviewed Mrs. Miller, she explained that she did not go into the houses but was the "get-away" driver for her husband, Raymond Miller, and her daughter, Rebecca Bunch. Mrs. Miller, who the detectives described as looking "dope sick" at the interview, agreed to drive with the detectives to the Madison area to identify the houses. Mrs. Miller admittedly stole a television stand, televisions, petty cash, change, jewelry, laptops, electronics, and a crossbow. She told the detectives that they sold the jewelry to pawnshops and that the "electronics went to drug dealers." She also explained she sold tools to businesses and other people that she knew needed them. She identified the two houses and the particular items she stole from each.

{¶7} On November 19, 2018, Mrs. Miller reached a plea deal with the state and pleaded guilty to two counts of attempted burglary, third-degree felonies in violation of R.C. 2923.02 and R.C. 2911.12(A)(2). On the same day, the court accepted Mrs. Miller's plea and deferred sentencing until December 20, 2018.

{¶8} At the sentencing hearing, Mrs. Miller and her counsel spoke on her behalf. Mrs. Miller expressed her remorse to the victims.

{¶9} After questioning Mrs. Miller about her drug abuse and criminal history, including the most recent crime spree, the court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12. The court found Mrs. Miller's conduct more serious because she caused psychological and economic harm to the victims and acted as part of an organized

3

criminal activity. The court did not find any factors that would have made Mrs. Miller's crimes less serious. The court found recidivism more likely because of the number of Mrs. Miller's criminal convictions, two of which she is currently serving prison sentences for as a result of similar conduct. Mrs. Miller, now 51 years of age, has a long history of theft offenses beginning at age 20.

{¶10} Further, almost every one of her crimes in her criminal history was related to drug use, whether it was for drug possession, trafficking, or the more serious cases of burglary and grand theft. Mrs. Miller has had three "detoxification" stays in a Cleveland treatment center in 2009, 2013, and 2015, but it appears her only intensive treatment program was during her incarceration in the Geauga County Jail in 2017. She reports continued participation in treatment programs since she began serving time in the reformatory.

{¶11} The court also considered the state's recommendation, the victim impact statements from both burglaries, Mrs. Miller's statement, and the presentence investigation report.

{¶12} The court sentenced Mrs. Miller to 24 months imprisonment on each count, to be served concurrently to one another but consecutively to the sentences imposed in Geauga and Portage Counties. The court found consecutive sentences were necessary to protect the public from future crime, to punish Mrs. Miller for the instant offenses, and because she was already serving sentences for similar crimes. The court ordered restitution to the victims in the amount of $1,770 and $732.24.

{¶13} Mrs. Miller now appeals, raising the following assignment of error:

4

**{¶14}** "The trial court erred on January 8, 2019 [sic] because its sentence was contrary to law and an abuse of discretion as a result of the purposes and principles set forth in R.C. 2929.11 being violated."

**Standard of Review**

**{¶15}** Our consideration of a felony sentence is governed solely by R.C. 2953.08(G)(2). (Citation omitted.) *State v. Mazzola,* 11th Dist. Trumbull No. 2018-T-0029, 2019-Ohio-845, ¶14; *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶16. That provision states:

**{¶16}** "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

**{¶17}** "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶18}** "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶19}** "(b) That the sentence is otherwise contrary to law."

**{¶20}** "Appellate courts 'may vacate or modify any sentence that is not clearly and convincingly contrary to law' only when the appellate court clearly and convincingly finds that the record does not support the sentence." *State v. Miller*, 11th Dist. Lake No. 2018-

5

L-133, 2019-Ohio-2290, ¶10, citing *State v. Wilson,* 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *Marcum* at ¶23.

{¶21} The Supreme Court of Ohio has held R.C. 2929.11 and R.C. 2929.12 do not require judicial fact-finding. *Id.* at ¶11, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶42; *State v. Macko*, 11th Dist. Lake No. 2016-L-022, 2017-Ohio-253, ¶75. "Rather, in sentencing a defendant for a felony, a court is merely required to consider the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors in R.C. 2929.12." *Id.,* citing *Macko* at ¶75, citing *Foster* at ¶42.

### Felony Sentence Not Contrary to Law

{¶22} In Mrs. Miller's sole assignment of error, she contends her sentence is contrary to law because the trial court abused its discretion in failing to consider the purposes and principles set forth in R.C. 2929.11. More specifically, she argues her offenses were less serious per R.C. 2929.12 because she acted under "strong provocation" since she was part of a family crime ring and only acted as the driver. Mrs. Miller further argues she would not have committed these crimes if she were not a drug addict. Factors that Mrs. Miller believes point to mitigation are that her drug addiction led to her criminal activity, she took steps to address her addiction while in prison, she cooperated with the investigators in this case, and, at sentencing, she was forthcoming with information about additional crimes and showed remorse.

{¶23} We find Mrs. Miller's assignment of error to be without merit. As noted above, our review of the sentencing hearing and judgment entry demonstrates the court explicitly stated it considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12. Mrs. Miller was not

6

a passive, involuntary participant as she contends. While we recognize that her substance abuse disorder may have overtaken her life and led her to support her habit by criminal activity, she is not blameless as a result. It appears from this record that her incarceration started her on a road to recovery.

{¶24} Simply because the trial court did not find the factors identified by Mrs. Miller to militate in favor of a less severe sentence does not imply the sentence is contrary to law. Instead, the sentences were within the statutory range, and there is nothing in the record to suggest the trial court ignored the factors Mrs. Miller identifies on appeal. *See* R.C. 2929.14(A)(3)(a) ("For a felony of the third degree that is a violation of * * * section 2911.02 * * * of the Revised Code if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code, the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, fifty-four, or sixty months").

{¶25} The trial court was free to consider her lengthy criminal history of illegal substance abuse and theft/burglary convictions, which span over a 20 year period, as well as the current crime spree with her own daughter and husband. Despite her assertion that she was only the driver, she knew the burglaries were taking place and actively sold the items taken. Such considerations are "well within the court's bailiwick and is relevant as 'any other factor * * * indicating the offender's conduct is more serious than conduct normally constituting the offense.'" *Miller* at ¶26, quoting *State v. Hull*, 11th Dist. Lake No. 2016-L-035, 2017-Ohio-157, ¶42. Therefore, we conclude that despite Mrs. Miller's assertions, the trial court properly considered the purposes and principles set forth in R.C. 2929.11 as well as the R.C. 2929.12 factors.

7

**{¶26}** Mrs. Miller's assignment of error is without merit.

**{¶27}** The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.