[Cite as *State v. Long*, 2021-Ohio-1059.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-G-0260** |
| HOWARD S. LONG, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas.
Case No. 2019 C 000114.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Eric J. Cherry*, Bartos & Company, LPA, 20220 Center Ridge Road, Suite 160, Rocky River, OH 44116 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1}    Appellant, Howard S. Long ("Mr. Long"), appeals from the Geauga County Court of Common Pleas' judgment of conviction after he pleaded guilty to grand theft of a motor vehicle. As part of his sentence, the trial court ordered restitution payable to the victim, Norman Brakeman ("Mr. Brakeman").

{¶2} Mr. Long raises one assignment of error, contending that the trial court erred in ordering restitution by failing to consider his future ability to pay and abused its discretion when considering his present and future ability to pay.

{¶3} From our review of the record and pertinent law, it is clear that the trial court considered Mr. Long's present and future ability to pay restitution pursuant to R.C. 2929.19. The trial court explicitly stated it considered the presentence investigation ("PSI") report and Mr. Long's ability to pay during the sentencing hearing after the parties argued the issue as well as in the judgment of conviction.

{¶4} Since there was no error, plain or otherwise, in the trial court's sentencing order imposing restitution payable to the victim, Mr. Long's assignment of error is without merit.

{¶5} The judgment of the Geauga County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶6} The instant case arises from an incident in which Mr. Long stole Mr. Brakeman's vehicle, which also contained his customized toolbox, tools, and groceries. While the vehicle was recovered, Mr. Brakeman's toolbox, tools, and groceries were not.

{¶7} Mr. Long was charged with one count of grand theft of a motor vehicle, a fourth-degree felony, in violation of R.C. 2913.02(A)(1) and (B)(5), and one count of theft, a fifth-degree felony, in violation of R.C. 2913.02.

{¶8} Mr. Long entered into a plea agreement with the state, where he agreed to plead guilty to the count of grand theft of a motor vehicle, and the state agreed to move to dismiss the count of theft. The plea agreement further stated that the state would "recommend a term of residential community control, but it will take into consideration the

Defendant's cooperation with the police when determining the length of time to recommend. The parties will attempt to determine the restitution prior to sentencing. The state will recommend a PR [personal recognizance] bond pending sentencing so that the Defendant can see if he can recover some of the missing items."

{¶9} The court accepted Mr. Long's guilty plea and set the matter for a PSI and a sentencing hearing.

{¶10} At the sentencing hearing, Mr. Brakeman testified to the value of the stolen items. His testimony included the amount of the deductible for his stolen vehicle, the value of the tools that were stolen, including a credit card reader he used for customer payments, as well as the amount he spent on the groceries. Mr. Brakeman obtained the value of the tools from searching for their equivalent at Home Depot and taking pictures of the prices of the tools.

{¶11} After consideration of the record, information presented by Mr. Brakeman, the prosecuting attorney, the PSI report, Mr. Long's ability to pay financial sanctions, and any victim impact statements, the principles and purposes of R.C. 2929.11 and the sentencing factors pursuant to R.C. 2929.12, the court imposed a total term of three years of community control, which included 145 days in jail, with credit for 115 days of time served, and restitution in the amount of $1,190 payable to Mr. Brakeman.

{¶12} The court also issued a separate restitution order that detailed Mr. Brakeman's losses and his requested compensation in the corresponding amounts. The court found that pursuant to R.C. 2913.61(D)(2), "the value of * * * equipment * * * used in the profession, business, trade, occupation, or avocation of its owner * * * and which retains substantial utility for its purpose regardless of its age or condition, is the cost of

3

replacing the property with new property of like kind and quality." The court ordered Mr. Long to pay $1,190 in restitution to Mr. Brakeman and that he make regular monthly payments to this obligation while on non-residential community control.

{¶13} Mr. Long raises one assignment of error on appeal:

{¶14} "The trial court erred by failing to consider defendant's future ability to pay and abused its discretion when considering defendant's present and future ability to pay."

**Standard of Review**

{¶15} Both parties state that our standard of review when addressing the imposition of restitution is an abuse of discretion. Since the enactment of H.B. 86, however, we review felony sentences, which include restitution orders, pursuant to R.C. 2953.08(G)(2). *State v. Ciresi*, 2020-Ohio-5305, 162 N.E.3d 846, ¶ 5 (11th Dist.) (overruling previous cases holding that restitution orders are reviewed for an abuse of discretion); *State v. Mazzola*, 11th Dist. Trumbull No. 2018-T-0029, 2019-Ohio-845, fn. 1.

{¶16} Thus, pursuant to R.C. 2953.08(G)(2):

{¶17} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶18} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶19} "(b) That the sentence is otherwise contrary to law."

4

{¶20} In this case, none of the sections referenced in R.C. 2953.08(G)(2) apply. Thus, our review is limited to determining whether we clearly and convincingly find that the restitution order is "otherwise contrary to law." *Ciresi* at ¶ 10. This is an extremely deferential standard of review that places the restriction on the appellate court, not the trial court. *Id.*

{¶21} Mr. Long, however, failed to object to the trial court's order of restitution. Failure to object to the court's order of restitution constitutes a waiver of all error except plain error. *State v. Carroll*, 11th Dist. Ashtabula Nos. 2017-A-0030 & 2017-A-0031, 2018-Ohio-1884, ¶ 48.

{¶22} Crim.R. 52(B) provides: "[p]lain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." This court will recognize plain error "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Bielek*, 11th Dist. Lake No. 2010-L-029, 2010-Ohio-5402, ¶ 14, quoting *State v. Landrum*, 53 Ohio St.3d 107, 111 (1990).

**Restitution Orders**

{¶23} A court imposing a sentence upon a felony offender may order the offender to make restitution "to the victim of the offender's crime * * * in an amount based on the victim's economic loss." R.C. 2929.18(A)(1). R.C. 2929.01(L) defines "economic loss" as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense * * *."

5

{¶24} However, R.C. 2929.19(B)(5) provides: "Before imposing a financial sanction under section 2929.18 of the Revised Code * * *, the court shall consider the offender's present and future ability to pay the amount of the sanction * * *."

{¶25} R.C. 2929.18 "does not require a court to hold a hearing on the issue of a defendant's ability to pay; rather, a court is merely required to consider the offender's present and future ability to pay." *Carroll* at ¶ 51, quoting *Bielek* at ¶ 11. "However, some evidence must be present in the record to indicate that the trial court considered an offender's present and future ability to pay." *Id.*, quoting *State v. Sampson*, 11th Dist. Lake No. 2007-L-075, 2007-Ohio-7126, ¶ 14. A trial court properly considers an offender's present and future ability to pay when it indicates it has done so in its judgment entry. *Bielek* at ¶ 12. In addition, "[a]dequate compliance with the statute may be had when the record indicates a court has considered a pre-sentence investigation report." *Carroll* at ¶ 52.

{¶26} From our review of the record, it is clear that the trial court considered the PSI report and Mr. Long's ability to pay, both of which the trial court explicitly stated during the sentencing hearing after both sides argued the issue and in the judgment of conviction.

{¶27} The state argues that the requirement that the trial court consider a defendant's present and future ability to pay financial sanctions, pursuant to R.C. 2929.19(B)(5), is facially unconstitutional as applied to the imposition of restitution because a victim of a crime has an absolute right to full and timely restitution as provided by Article I, Section 10a(A)(7) of the Ohio Constitution (known as Marsy's Law), which became effective on February 5, 2018.

6

{¶28} While we recognize that it is unclear how a defendant's statutory right to have his ability to pay considered under R.C. 2929.19(B)(5) interacts with a victim's constitutional right to restitution under Article I, Section 10a(A)(7), the defendant's statutory right and the victim's constitutional right are not in conflict under the circumstances of this case. Thus, we decline in this case to further address the effect of Marsy's Law on the operation of R.C. 2929.18(A)(1) or R.C. 2929.19(B)(5). *State v. Queen*, 3d Dist. Logan No. 8-19-41, 2020-Ohio-618, fn. 1; *State v. Gorley*, 5th Dist. Muskingum Nos. CT2019-0046, CT2019-0047, CT2019-0048, & CT2019-0049, 2020-Ohio-3337, ¶ 22.

{¶29} Since our review indicates no error, plain or otherwise, in the trial court's sentencing order imposing restitution, Mr. Long's assignment of error is without merit.

{¶30} The judgment of the Geauga County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

7