[Cite as *State v. Siniff*, 2025-Ohio-4327.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

JEFFREY LEE SINIFF,

        Defendant-Appellant.

CASE NO. 2025-G-0011

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 C 000075

---

## OPINION AND JUDGMENT ENTRY

Decided: September 15, 2025
Judgment: Affirmed and remanded

---

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Steven L. Bradley* and *John T. Martin*, Marein & Bradley, 1300 East 9th Street, Suite 1000, Cleveland, OH 44114 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}  Appellant, Jeffrey Lee Siniff, appeals the judgment of the Geauga County Court of Common Pleas sentencing him to an indefinite prison term of six to nine years, a $10,000 fine, and court costs following his *Alford* plea to one count of Pandering Sexually Oriented Matter Involving a Minor, a second-degree felony.

{¶2}  Appellant raises two assignments of error, arguing that (1) he received ineffective assistance of counsel when his trial counsel failed to provide an affidavit of indigency on his behalf, which would have precluded his fine pursuant to R.C.

2929.18(B)(1); and (2) his sentence is clearly and convincingly contrary to law because the trial court failed to conduct an analysis of his ability to pay the fine.

{¶3}    Having reviewed the record and the applicable law, we find that Appellant's assignments of error are without merit.  First, the failure of Appellant's trial counsel to provide an affidavit of indigency did not constitute ineffective assistance.  Appellant's fine was not mandatory, which means R.C. 2929.18(B)(1) was not applicable.  Second, Appellant's sentence is not clearly and convincingly contrary to law.  The record reflects that the trial court satisfied its statutory obligation to consider Appellant's present and future ability to pay the fine.

{¶4}    Therefore, we affirm the judgment of the Geauga County Court of Common Pleas.  However, due to a clerical error in the sentencing entry, we remand to the trial court for the issuance of a nunc pro tunc entry indicating that collection of Appellant's *fine* will be limited to $5 per month while Appellant is incarcerated.

## Substantive and Procedural History

{¶5}    On June 3, 2024, the Geauga County Grand Jury indicted Appellant on six counts of Pandering Sexually Oriented Matter Involving a Minor, second-degree felonies in violation of R.C. 2907.322(A)(1).

{¶6}    On June 12, 2024, Appellant was arraigned and pleaded not guilty.  The trial court appointed the public defender to represent Appellant.

{¶7}    On September 5, 2024, the trial court granted Appellant's motion for funds to obtain an expert witness.

{¶8}    On November 12, 2024, the parties entered into a written plea agreement.  Pursuant to the agreement, Appellant agreed to plead guilty to Count 1 by way of *North*

*Carolina v. Alford*, 400 U.S. 25 (1971). An *Alford* plea is a guilty plea entered with a contemporaneous protestation of innocence. *State v. Obhof*, 2023-Ohio-408, ¶ 39 (11th Dist.). In exchange, the State agreed to move to dismiss the remaining counts at sentencing; to recommend no more than a minimum prison term of four years; and if the trial court imposed a prison sentence, to not oppose judicial release when Appellant is eligible, provided that Appellant has not been a behavioral problem in prison.

{¶9} On the same date, the trial court held a plea hearing, where it engaged in a colloquy with Appellant pursuant to Crim.R. 11. Following the colloquy, Appellant entered an *Alford* plea to Count 1. As a factual basis, the State indicated as follows:

> We would have shown that back in February of this year the sheriff's office received a CyberTip that came from the online cloud storage program called Dropbox. It had indicated that some files depicting child pornography, specifically children engaged in sexual activity, had been uploaded to a Dropbox account that returned to the defendant both in registration of the account as well as the IP address. Officers then did a search warrant for that Dropbox account and received the whole contents of that account. Those contents showed various pictures depicting the defendant and relatives which identified him as the owner as well as a folder entitled "Teen" and in that "Teen" file there were numerous files depicting juveniles engaged in sexual activity.

> They ended up going to the defendant's residence, interviewing him, did a search warrant. There was nothing found on any of his devices. The defendant did admit to having a Dropbox account and having a "Teen" file in his account, although he said that he made sure that anyone in there was 18 years of age or older.

> However, the officers did seize all of his items and they found that his-- the cellphone that he had was a model number that matched the same model number of the device that uploaded, that was consistent with uploading the files that gave rise to the cyber tip.

{¶10} The trial court accepted Appellant's *Alford* plea and found him guilty. The court ordered a presentence investigation ("PSI") and set the matter for sentencing.

{¶11}  On March 5, 2025, the trial court held a sentencing hearing.  The trial court sentenced Appellant to an indefinite prison term of six to nine years and imposed a fine of $10,000 and court costs.  The trial court informed Appellant that he is required to register as a Tier II sex offender and is subject to a mandatory five-year term of post-release control.  The trial court also dismissed Counts 2 through 6 of the indictment.

{¶12}  Defense counsel orally requested that the trial court reconsider or suspend the fine due to Appellant's "clear indigency status."  According to defense counsel, the PSI indicated that Appellant last worked in April 2024, and Appellant and his wife have no assets of any value.  Alternatively, defense counsel requested that the trial court limit the recovery of court costs and the fine to $5 per month while Appellant is incarcerated.  The trial court stated that it denied "the first half" of defense counsel's motion and granted "the second half."  The court ordered that "[c]ollection of the fine will be limited to $5 a month while incarcerated."

{¶13}  On March 10, 2025, the trial court filed Appellant's judgment of conviction.  The judgment entry states that Appellant "shall pay the costs of this action at a rate of Five Dollars ($5.00) per month while incarcerated."

{¶14}  On March 28, 2025, Appellant timely appealed and raises two assignments of error.

**Ineffective Assistance of Counsel**

{¶15}  Appellant's first assignment of error states: "[APPELLANT] RECEIVED THE INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO SUBMIT AN AFFIDAVIT OF INDIGENCY EXECUTED BY [APPELLANT], WHICH WOULD HAVE PREVENTED [APPELLANT] FROM BEING FINED."

Case No. 2025-G-0011

{¶16} Appellant argues that he received ineffective assistance of counsel when his trial counsel failed to provide an affidavit of indigency on his behalf. According to Appellant, the affidavit would have precluded the trial court from imposing a mandatory fine pursuant to R.C. 2929.18(B)(1).

{¶17} In its answer brief, the State counters that an affidavit of indigency under R.C. 2929.18(B)(1) can only prevent the imposition of a mandatory fine for a first-, second-, or third-degree felony violation of a provision in R.C. Ch. 2925, 3719, or 4729. Appellant pleaded guilty, by way of *Alford*, to violating R.C. 2907.322(A)(1); therefore, his fine was not mandatory, and R.C. 2929.18(B)(1) did not apply. In his Reply, Appellant concedes that he misread the statute.

{¶18} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense." *Id*.

{¶19} Upon review, we agree with the parties that Appellant's fine was not mandatory, which means R.C. 2929.18(B)(1) was not applicable. Therefore, the failure of Appellant's trial counsel to provide an affidavit of indigency did not constitute ineffective assistance.

{¶20} Accordingly, Appellant's first assignment of error is without merit.

## Ability to Pay

{¶21} Appellant's second assignment of error of states: "THE TRIAL COURT ERRED WHEN IT IMPOSED A $10,000.00 FINE WHEN THE RECORD

DEMONSTRATED THAT THE DEFENDANT COULD NOT AFFORD EVEN THE MINIMUM FINE OF $7500.00."

{¶22} Appellant argues that his sentence is clearly and convincingly contrary to law because the trial court failed to conduct an analysis of his ability to pay the $10,000 fine pursuant to R.C. 2929.19(B)(5).

{¶23} Appellate review of a trial court's imposition of a financial sanction for a felony is governed by R.C. 2953.08(G)(2)(b). *State v. Allen*, 2025-Ohio-1902, ¶ 24 (11th Dist.). That provision provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds . . . [t]hat the sentence is otherwise contrary to law.

{¶24} "Contrary to law" means "'in violation of statute or legal regulations at a given time.'" *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed. 1990). "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶25} "[T]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions

Case No. 2025-G-0011

authorized under this section . . . ." R.C. 2929.18(A). "Financial sanctions that . . . may be imposed pursuant to this section include . . . a fine payable by the offender to the state . . . in the following amount: . . . For a felony of the second degree, not more than fifteen thousand dollars . . . ." R.C. 2929.18(A)(3)(b). "Before imposing a financial sanction under section 2929.18 of the Revised Code," however, "the court shall consider the offender's present and future ability to pay the amount of the sanction." R.C. 2929.19(B)(5).

{¶26} In *Allen*, 2025-Ohio-1902 (11th Dist.), this Court explained:

> Under this provision [R.C. 2929.19(B)(5)], "[t]here are no express factors that must be considered or specific findings that must be made regarding the offender's ability to pay." (Citation omitted.) *State v. Sbarbati*, 2024-Ohio-622, ¶ 7 (12th Dist.). Rather, "a court is merely required to consider the offender's present and future ability to pay." (Citation omitted.) [*State v.] Long*, 2021-Ohio-1059, at ¶ 25 (11th Dist.). "However, some evidence must be present in the record to indicate that the trial court considered an offender's present and future ability to pay." (Citation omitted.) *Id*. Such evidence exists when the court indicates that it has duly considered an offender's present and future ability to pay in its judgment entry or when the record indicates that the court has considered a presentence investigation report providing pertinent personal and financial information about the offender. *Id*.; *Sbarbati* at ¶ 7.

*Id*. at ¶ 27.

{¶27} In *Allen*, the trial court stated at the sentencing hearing and in the sentencing entry that it had considered the PSI report. *Id*. In addition, at the sentencing hearing, defense counsel orally moved for the waiver of both costs and mandatory fines on the grounds of indigency. *Id*. The trial court ruled that it would waive costs but not the mandatory fines. On appeal, this Court found that the foregoing was sufficient to satisfy the requirement to consider the appellant's present and future ability to pay. *Id*.

Case No. 2025-G-0011

{¶28}   Substantially similar circumstances are present in this case.  The trial court stated at the sentencing hearing and in the sentencing entry that it had reviewed the PSI report.  Appellant acknowledges on appeal that the PSI report referenced his financial status.  In addition, defense counsel orally requested that the trial court reconsider, suspend, or limit recovery of the fine and costs due to Appellant's indigency.  The trial court partially granted defense counsel's request by limiting collection of the fine to $5 per month during Appellant's incarceration.  In accordance with our precedent in *Allen*, we find that the foregoing was sufficient to satisfy the trial court's obligation pursuant R.C. 2929.19(B)(5) to consider Appellant's present and future ability to pay the $10,000 fine.  Accordingly, Appellant's sentence is not clearly and convincingly contrary to law.

{¶29}   Appellant's second assignment of error is without merit.

### Nunc Pro Tunc Entry

{¶30}   Although not raised by the parties, we note a clerical error in the sentencing entry.  At the hearing, the trial court stated that "[c]ollection of the *fine* will be limited to $5 a month while incarcerated."  (Emphasis added.)  However, the entry states that Appellant "shall pay the *costs of this action* at a rate of Five Dollars ($5.00) per month while incarcerated."  (Emphasis added.)

{¶31}   "Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided." *State ex rel. Womack v. Marsh*, 2011-Ohio-229, ¶ 13; *see* Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time"). The transcript

Case No. 2025-G-0011

demonstrates that the trial court decided to limit collection of Appellant's *fine*. Therefore, we remand this matter to the trial court for the issuance of a nunc pro tunc entry indicating that collection of Appellant's fine will be limited to $5 per month while Appellant is incarcerated.

{¶32} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed. This matter is remanded to the trial court for the issuance of a nunc pro tunc judgment entry.

MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-G-0011

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed. This matter is remanded to the trial court for the issuance of a nunc pro tunc judgment entry indicating that collection of Appellant's fine will be limited to $5 per month while Appellant is incarcerated.

Costs to be taxed against Appellant.



JUDGE JOHN J. EKLUND

JUDGE MATT LYNCH,
concurs

JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-G-0011